## UNITED STATES v. OREND.

### (District Court, W. D. Pennsylvania. March 13, 1915.)

### No. 19.

ALIENS ⬅️71½ New, vol. 7 Key-No. Series—NATURALIZATION—CANCELLATION
—GROUNDS.

Where, through a mistake of some kind, and with no intention of violating the law, an alien stated in his declaration of intention that he was a native of Germany and that he intended to renounce his allegiance to the German Emperor, when in fact he was a subject of the Emperor of Austria and King of Hungary, and upon his application for naturalization the court permitted the declaration of intention to be amended in accordance with the true facts, his certificate of naturalization was not illegally procured, within Naturalization Act June 29, 1906, c. 3592, § 15, 34 Stat. 601 (Comp. St. 1913, § 4373), requiring district attorneys to institute proceedings to cancel certificates of citizenship on the ground of fraud, or on the ground that they were illegally procured.

In Equity. Proceeding by the United States against Karl Orend to cancel a certificate of naturalization. Petition dismissed.

E. Lowry Humes, U. S. Atty., of Pittsburgh, Pa.

ORR, District Judge. This is a petition filed on behalf of the United States to cancel a certificate of naturalization issued by this court to Karl Orend on the ground that the certificate was illegally issued. Section 15 of the Naturalization Act of 1906 provides:

"That it shall be the duty of the United States district attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any court having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit, for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud or on the ground that such certificate of citizenship was illegally procured."

The government does not base the present proceeding upon any allegations of fraud upon the part of the defendant, but upon the ground that the court permitted the defendant, at and before the time he made application for citizenship, to amend the declaration of intention upon which said petition of citizenship was based. In the case of United States v. Demetrios Nekol Viaropulos, 221 Fed. 485, in which an opinion has been handed down, this court has had occasion to consider the Naturalization Law, and the general subject of the power and duty of the court to permit amendments of its records in the interest of justice. The conclusions, as expressed in that opinion, may be applied to the present case, so far as the same are applicable.

The declaration of intention in this case was made on the 27th of June, 1903, prior to the passage of the present Naturalization Law. Over nine years after the making of the declaration of intention the defendant presented his petition for naturalization, in which it appear-

ed that the defendant expressed his intention to renounce allegiance to any foreign prince, potentate, state, or sovereignty, and particularly to Francis Joseph, Emperor of Austria and Apostolic King of Hungary. The representatives of the United States objected to the petition because it was based upon a declaration of intention by which the defendant declared his intention to renounce allegiance "to any foreign prince, potentate, state, or sovereignty, particularly to renounce forever all allegiance and fidelity to Emperor of Germany, of which he is a subject." Thereupon the defendant asked leave to amend his declaration of intention. This court, after considering his petition for the allowance of such amendment, granted the prayer thereof, and the late Judge Young at that time filed an opinion which is as follows:

"On the 27th of January, 1903, Karl Orend made his declaration of intention to become a citizen of the United States in the District Court of the United States for the Western District of Pennsylvania, in which he stated he was a native of Germany, and that it was his intention, bona fide, to become a citizen of the United States, and to renounce all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly to renounce forever all allegiance and fidelity to the Emperor of Germany of which he was a subject. He now admits that at the time he made his declaration he was a native of Hungary and a subject of Francis Joseph, Emperor of Austria and Apostolic King of Hungary. At the time of making the declaration he was asked by the clerk of courts if he was a German, to which he replied, 'Yes,' meaning thereby that he was of the German race, as his family is of the German race. He admits that he did not explain to the clerk that he was a native of Hungary. He now presents himself for naturalization, having filed his petition therefor on December 26, 1912, and the government objects to his naturalization because the declaration of intention contains a wrong statement as to the declarant's nativity and an expression of intention to renounce allegiance particularly to the wrong sovereign. The applicant now desires his declaration of intention amended so as to show truthfully his nativity and his intention to renounce allegiance to his proper sovereign.

"Section 2165 of the Revised Statutes of the United States, which was the law relating to declarations of intention in force on January 27, 1903, provides: 'First. He shall declare on oath, before a Circuit or District Court of the United States, or a district or Supreme Court of the territories, or a court of record of any of the states having common-law jurisdiction, and a seal and clerk, two years, at least, prior to his admission, that it is bona fide his intention to become a citizen of the United States, and to renounce forever all allegiance and fidelity to any foreign prince, potentate, state or sovereignty of which the alien may be at the time a citizen or subject.' It thus appears from this act that the court before which he declares on oath must be a court of record. This is not only for the purpose of requiring the act to be in a court of dignity and standing, but also that the declaration may be a matter of record.

"By the Act of June 29, 1906 (34 St. at Large, part 1, page 596), it is provided in the fourteenth section as follows: 'That the declarations of intention and the petitions for naturalization, shall be bound in chronological order in separate volumes, indexed, consecutively numbered, and made part of the records of the court.' So that we observe, while section 2165 did not by express words make the declaration of intention a record of the court, section 14 of the act of 1906 does so provide.

"In the case at bar the declaration was made in this court, and was made a matter of record by the clerk of this court according to its established and long-continued practice. We have no doubt that the declaration is a matter of record. We have, then, the requirement, by implication that the declara-

tion be made a matter of record. Can we amend this record? This depends upon the decision of the question whether or not it is a part of the record in the present proceedings. The making of the declaration is an indispensable prerequisite to naturalization. It is the first step in a legal proceeding, which must terminate in a judgment or decree that the person be naturalized or his petition dismissed. It is thus as necessary as the filing of a bill in equity, or the commencement of a suit by the filing of a declaration or statement. Even before the statute of jeofails, and certainly ever since, the right of a court to amend its records, so that the truth may be made to appear, has obtained in courts of justice. There would be manifest injustice often in refusing such amendment. One may to-day make his declaration as a native of one of the Balkan States and a subject of the king thereof, for the statute says, particularly, by name, not by office, and when he presents himself by naturalization, he may find that the sovereign is an entirely different person. The declaration is not the renouncing of allegiance; it is only a declaration of the intention to renounce allegiance. The important act is the renouncing of allegiance to the sovereign of whom the applicant is a subject. The necessary requirement of the declaration is that he shall swear he intends bona fide to become a citizen and to renounce allegiance to any foreign prince, etc., particularly, by name, of the prince, etc., of which the alien may be at the time a citizen and subject. The words 'may be at the time a citizen' are very ambiguous, and may be grammatically construed to mean at the time when he becomes a citizen and not at the time he declares his intention. To give it the construction that it means at the time of the declaration would not permit the naturalization in the event of a change between the date of the declaration and the date of the hearing upon the application, unless an amendment was allowed. We find that this ambiguity is solved in the form of declaration prescribed by the act of June 29, 1906. If the court does not have power to amend its record, and the declaration is so sacred that it may not be touched or changed, then it cannot make its record speak the truth as to the declarant, or must require him to file a new declaration.

"To grant that in extreme cases, cases of gross injustice, the record can be amended, concedes the right to do so in any case. We believe the power is in this court to grant amendments to any part of the record in any case before final judgment or decree that may come before it, so that the record may speak the truth and so that justice may be done. The amendment will be allowed, so as to state that the alien was a native of Hungary, and substitute for the words 'Emperor of Germany' the words 'Francis Joseph, Emperor of Austria and Apostolic King of Hungary,' as of the date of the declaration."

With that opinion the other judge of this court was in accord. Attached to and made part of the petition in the case at bar is the defendant's petition to this court for the amendment of his declaration of intention. In that the defendant stated under oath:

"That at the time he made said declaration of intention he was asked by the clerk of the court where he was from, to which he replied Germany, meaning thereby that he was of the German race and that his family was of the German race. He did not explain to the clerk that he was born in Hungary and was a subject of Francis Joseph, Apostolic King of Hungary. The reason he did this was that his family for 800 years back was German, and the entire community where he lived was originally German, until 1848, when they were conquered by the Hungarians and became a part of the Hungarian kingdom, but they still speak the German language. Consequently he concluded to be known and recognized in this country as a German, and did not intentionally deceive the clerk of the court, nor intentionally conceal from him the fact that he was born in Hungary and that he owed allegiance to Francis Joseph, Apostolic King of Hungary. That he served his regular three year term in the Hungarian army, and voluntarily served an additional four years in said army. That he did not at the time of making his declaration of intention know that it would make any material difference to state that he was a German, and so when the clerk asked him where he was from he stated

'Germany.' That he read the paper after taking it home that same day, and saw that it read that he was a native of Germany, and intended to forswear allegiance particularly to the Emperor of Germany, to which he was a subject. That he believed the nativity and allegiance made no difference, and accepted it as made out by the clerk as a compliance with the requirements of the case."

No other conclusion can be reached from the evidence before the court, which is all found in the pleadings, than that the defendant was laboring under a mistake of some kind at the time of making his declaration of intention. It is not suggested that there was any intentional violation of the law. The declaration of intention contemplates the performance of an act of renunciation at a future date. The performance of the act at a future time is the presentation of a petition for naturalization, the making of the oath of allegiance to the United States, and the renunciation of all allegiance to any foreign prince, etc. The period between the making of the declaration in this case and the filing of the petition for naturalization was of such extent that several sovereignties might successively have ruled over the territory from which the applicant departed for this country. That there was no change in sovereignty over such territory should not affect consideration of the subject.

The defendant has renounced forever all allegiance to every sovereignty and correctly set forth, particularly, the sovereign of the country where he was born. It is sufficient for the purposes of this case that the record of this court was amended by order of the court after careful consideration. It follows, therefore, that the certificate of naturalization which was issued to the defendant was not illegally procured.

The petition of the United States must therefore be dismissed.